IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

Mark White, Sr.,
dba Tokyo Nights

PLAINTIFF

V.

City of Memphis, TN and
Paul Young, in his official capacity and
Shelby County TN and Attorney General
State of Tennessee Jonathan Skrmetti

DEFENDANT(S)

RECEIVED

MAY 29 2024

Wendy R Oliver, Clerk
U.S. District Court
W.D OF TN, Memphis

CIVIL CASE#24-2340

JURY DEMAND

## AMENDED CIVIL COMPLAINT

### PRELIMINARY STATEMENT

NOW COMES the Plaintiff, Mark White, Sr., *pro se* complaining of the Defendant and in support thereof states as follows:

1. The Plaintiff filed a complaint challenging the City of Memphis Sexually Oriented Business licensing scheme as being unconstitutional. *City of Memphis Title 6 Chapter 6-72 Sexually Oriented Businesses Code will be referred to as = "Memphis Code"* However, Plaintiff was promptly notified by city of Memphis attorney that the Memphis Code is not enforced and was declared unconstitutional decades ago. However, Memphis deferred regulatory authority over adult oriented establishments to Shelby County. However, Shelby County adopted the state of Tennessee 7-51-1401 to regulate adult businesses. This Amended Complaint is to get all the correct parties added to the complaint that have adult business authority over Plaintiff's leased premises which are indeed in the municipality of Memphis, TN.

2. As set forth below, Defendants' compliance with and implementation of Tennessee Code 7-15-1401,

1

and 39-13-511 a-1-A-ii, a-2-A definition constitutes a pattern or practice of discrimination on the basis of sex and gender in violation of 42 U.S.C. 1983 violation of the Equal Protection Clause of the Fourteenth Amendment of The United States Constitution, a First Amendment violation on the basis of a protected expression, a Substantive Due Process violation of Plaintiff's life, liberty and property.

## INTRODUCTION

3. This action is brought pursuant to 42 U.S.C. 1983 to address deprivations of Plaintiff's rights under the Constitution of the United States and the Constitution of the State of Tennessee.

## JURISDICTION

4. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C 1983 and 1985; the Judicial Code 28 U.S.C. 1331, 1343(a) and 1345; the Constitution of the United States; and pendent jurisdiction as provided under U.S.C. 1367(a).

## VENUE

5. Venue is proper under 28 U.S.C. Section 1391 (b). The events described herein all occurred in the Western District of Tennessee.

## RELIEF

6. This Court has the authority to enter a declaratory judgment and to provide permanent injunctive relief pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure; 28 U.S.C. 2201 and 2202; 42 U.S.C. 200e-6(a) and (b); 20 U.S.C. 1682; and 42 U.S.C. 13925(b)(13)(c) and 3789d(c)(3).

## THE PARTIES

7. Plaintiff Mark White, Sr. is a United States citizen who resides in Nashville, TN and leased property at 6104 and 6108 Macon Rd. Memphis, TN to lawfully operate a sexually oriented business.

8. Defendant City of Memphis is a municipal corporation duly incorporated under the laws of the State of Tennessee.

9. Defendant Paul Young, in his official capacity as Mayor of the City of Memphis, is responsible for

executing, and administering the City's laws, customs, practices, and policies. In that capacity, he also presently enforces the laws, customs, practices and policies complained of in this action. He is sued in official capacity as Mayor.

9 (A) Defendant Shelby County, TN

9 (B) Defendant Jonathan Skrmetti, in his capacity as Attorney General State of Tennessee

## BACKGROUND

10. Mark White, Sr entered into a lease agreement for 30 years for 6104 and 6108 Macon Rd Memphis, TN on May 13, 2024 to operate a lawful sexually oriented business and to employ adult entertainers that are male, female and transgender and to sell adult oriented books, novelties and movies. It is clear to Plaintiff that the Tennessee Code is unconstitutional for many Constitutional violations and Plaintiff would fear criminal prosecution if he opened his business without first obtaining declaratory and or injunctive relief from this Court. Plaintiff is paying rent and incurring expenses even as this complaint is being filed.

11. An individual's "sex" consists of multiple factors, which may not always be in alignment; among those factors are hormones, external genitalia, internal reproductive organs, and chromosomes. In contrast, gender identity is an individual's internal sense of gender, which can be male, female, a blend of both or neither.

12. Transgender individuals are individuals who have a gender identity that may not match the sex they were assigned at birth.

13. A transgender individual may begin to assert a gender identity inconsistent with their sex assigned at birth at any time from early childhood through adulthood. The decision by transgender individuals to assert their gender identity publicly is a deeply personal one that is made by the individual, often in consultation with family, medical and health care professionals.

14. Gender identity is innate and external efforts to change a person's gender identity can be harmful to

a person's health and well-being.

15. Mark White, Sr is a business person who wants to hire male, female, and transgendered adult entertainers and operate an adult book and video store at two different spaces in a single plaza side-by-side which is a heavy commercial plaza with bars, restaurants, and other commercial businesses and oddly located – a church. Oddly because retail centers provide the bulk of sales tax revenues to local municipalities and when churches fill up plazas it results in lost tax revenues forever at that site in addition they prevent alcohol licenses from being issued in their proximity further degrading the potential tax revenue base for the local city and county;

16. The Tennessee Code 39-13-511 a-2-A provides that the definition of nudity:

   *1. Nudity or state of nudity means the showing of the bare human male or female genitals or pubic area with less than a fully opaque covering, the showing of the female breast with less than a fully opaque covering of the areola, or the showing of the covered male genitals in a discernibly turgid state.*

17. The Tennessee and Memphis Code treats all sexually oriented businesses the same and makes no distinction between a take home retail store and a 24 hour adult cabaret in setting a 1000 foot buffer zone for any and all types of sexually oriented businesses. This is not a narrowly tailored ordinance utilizing the least restrictive means necessary to accomplish legitimate government purposes. 1000 feet is the largest buffer zone we have ever seen and cities like Columbus, OH only require a 250 foot buffer for all adult businesses. What studies or empirical evidence did the Defendant rely upon in establishing 1000 feet? The US Supreme Court allows local government to regulate protected speech activities if it is narrowly tailored and least restrictive to meet the lawful governmental interest. The Memphis and Tennessee Code cannot be sufficiently narrowly tailored nor least restrictive if they are looking at an adult cabaret and an adult retail store as causing the same adverse effects, they are 2 completely different types of business yet they are both required to be 1,000 away from a myriad of

other uses. Logical reasoning would prescribe that an adult cabaret with liquor and open til 6am would need to have a further buffer zone than a retail store that sells goods for take-home use only and closes at 10pm. Additionally, Plaintiff complains that the hours restrictions in the Tennessee Code are content based because it allows an adult cabaret with loud music and a on-premise consumption liquor license would need shortened hours and not an adult sex store that sells books and videos for take home use to sober patrons. We find this particular hour restriction to be content based and not least restrictive as enforced against take home adult stores.

18. The Tennessee Code definitions are overbroad and capture a broad array of businesses that are not sexually oriented. There is no warning with opportunity to correct like a zoning violation, no it is criminal without warning – violating right to due process. The definitions of adult businesses are so vague and overbroad that they include gyms, hotels, spas, tanning salons, massage studios, fitting rooms, public restrooms and more. Perhaps the biggest overreach of the Tennessee Code is in the definitions themselves. The definitions are so critically important because if the Defendant determines you are operating a business that meets any of the definitions of a sexually oriented business then you have committed a crime.

19. The Tennessee Code does not specifically identify nor does it rely upon any scientific empirical studies confirming the deleterious secondary effects attributed to different types of sexually oriented businesses. In the absence of these studies we can only assume that the only purpose of the entire TN Code is to stifle and harass first amendment protected speech and expression in the realm of adult entertainment. In fact, the ordinance clearly states in it's preamble that it has the intent to legislate the morality of the citizens of Memphis.

20. The definition of adult book and video store (7-15-1401) is unconstitutionally vague as it uses the term *as its principal or predominant stock or trade* without defining the quantitative/qualitative terms

principal or predominant.

*(4) "Adult-oriented establishment" means any commercial establishment, business or service, or portion thereof, that offers, as its principal or predominant stock or trade, sexually-oriented material, devices, or paraphernalia or specified sexual activities, or any combination or form thereof, whether printed, filmed, recorded or live and that restricts or purports to restrict admission to adults or to any class of adults. "Adult-oriented establishment" includes, but is not limited to:*

(10) "Sexually-oriented material" means any book, article, magazine, publication or written matter of any kind, drawing, etching, painting, photograph, motion picture film or sound recording that depicts sexual activity, actual or simulated, involving human beings or human beings and animals, that exhibits uncovered human genitals or pubic region in a lewd or lascivious manner, or that exhibits human male genitals in a discernibly turgid state, even if completely covered; and

> ·(11) "Specified sexual activities" means activities, services or performances that include the following sexual activities or the exhibition of the following anatomical areas:
> ·(A) Human genitals in a state of sexual stimulation or arousal;
> ·(B) Acts of human masturbation, sexual intercourse, sodomy, cunnilingus, fellatio or any excretory function, or representation thereof; or
> ·(C) Fondling or erotic touching of human genitals, pubic region, buttocks or female breasts.

This definition of sexually oriented material includes words written about simulated sex. This definition is unconstitutionally overbroad and vague.

21. Take home only adult oriented retail items do not cause deleterious secondary effects. Certainly the Defendant(s) have offered no such data at the time of adopting the Tennessee Code that such take-home only retail businesses do, in fact cause secondary effects, and if so, what are they?

22. The doctrine that laws impeding free speech and expression must be narrowly tailored and least restrictive to remedy any deleterious secondary effects was grossly violated in the Tennessee Code with a myriad of bureaucratic procedures, vague and overbroad ordinances, ridiculous rules, and due process

violations as it pertains to a legal businesses offering first amendment protected speech.

23. Requiring a female to cover her breasts and a male is not required by law is a clear discriminatory law and unconstitutional. In addition, the nudity definition and laws makes no reference to transsexuals and citizens who identify as both male and female or neither for that matter.

24. Defendant's TN Codes 7-51-1401, 39-13-511 on its face and as applied or threatened to be applied is an unbridled prior restraint: There is no defined appeal procedure for new permitee applicants if their application is denied based on invalid location nor any clear licensing process.

25. Defendant's TN Codes 7-51-1401, 39-13-511 on its face and as applied or threatened to be applied is an unbridled prior restraint: No required time frame for AOE permits and employee permits to give notification of denial.

26. Plaintiff fears for the welfare and the preservation of the Constitutional rights of the employee's and contractors he intends to hire due to the threats of the Tennessee Code.

27. Plaintiff fears for the welfare and the preservation of his Constitutional rights due to the ominous threats of the Tennessee Code.

28. Plaintiff desires to express himself through his business venture Tokyo Nights and bring world class adult entertainment through the performances of male, female, and transgender individuals and the retail sale of adult merchandise and the showing of adult oriented films.

29. NA

30. NA

## COUNT I

### 42 U.S.C. 1983 – Equal Protection

31. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

32. Defendant's TN Codes 7-51-1401, 39-13-511 is selectively enforced against women and transgender women, while placing no such restrictions on men at these establishments that provide

protected sexual expression and protected sexual films.

33. Defendant's TN Codes 7-51-1401, 39-13-511 as cited above intentionally and arbitrarily targets women and selectively enforced against women and transgender individuals that identify as women while placing no such restrictions on men at these establishments that provide protected sexual expression and protected sexual films.

34. There is no important government interest for the difference in treatment and Defendant's TN Codes 7-51-1401, 39-13-511 reinforces archaic stereotypes and overbroad generalizations of the impropriety of women's breasts versus men's breasts, which also have areola's.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages, punitive damages, attorneys' fees, costs, declaratory judgment of the ordinance's facial unconstitutionality and such other and additional relief that this Court deems equitable and just.

## COUNT II

### 42 U.S.C. 1983 – Freedom of Expression

35. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

36. Defendant's TN Codes 7-51-1401, 39-13-511 is an unconstitutional abridgment on its face, and as applied or threatened to be applied, of the Plaintiff's affirmative rights to freedom of expression under the United States Constitution, First and Fourteenth Amendments.

37. Defendant's TN Codes 7-51-1401, 39-13-511 on its face and as applied or threatened to be applied, is an unconstitutionally overbroad restriction on expressive activity.

38. Defendant's TN Codes 7-51-1401, 39-13-511 on its face and as applied or threatened to be applied, is an unconstitutionally vague restriction on expressive activity.

39. Defendant's TN Codes 7-51-1401, 39-13-511 on its face and as applied or threatened to be applied, is an unconstitutionally content-based and viewpoint-based restriction on expressive activity.

40. Defendant's TN Codes 7-51-1401, 39-13-511 on its face and as applied or threatened to be applied,

is an unconstitutionally as it does not serve a significant government interest.

41. Defendant's TN Codes 7-51-1401, 39-13-511 on its face and as applied or threatened to be applied, is an unconstitutionally because it does not leave open ample alternative channels of communication.

42. Defendant's TN Codes 7-51-1401, 39-13-511 on its face and as applied or threatened to be applied, are unconstitutional because they are neither narrowly tailored nor the least restrictive means to accomplish any permissable purpose sought to be served by the legislation.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages, punitive damages, attorneys' fees, costs, declaratory judgment of the ordinance's facial unconstitutionality and such other and additional relief that this Court deems equitable and just.

## COUNT III

### 42 U.S.C. 1983 – Due Process

43. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

44. Defendant's TN Codes 7-51-1401, 39-13-511 is an unconstitutional abridgment on its face, and as applied or threatened to be applied, of the Plaintiff's affirmative rights to freedom of expression under the United States Constitution, First and Fourteenth Amendments.

45. Defendant's TN Codes 7-51-1401, 39-13-511 on its face and as applied or threatened to be applied, is an unconstitutionally overbroad restriction on expressive activity.

46. Defendant's TN Codes 7-51-1401, 39-13-511 on its face and as applied or threatened to be applied, is an unconstitutionally vague restriction on expressive activity.

47. Defendant's TN Codes 7-51-1401, 39-13-511 on its face and as applied or threatened to be applied, is an unconstitutionally content-based and viewpoint-based restriction on expressive activity.

48. Defendant's TN Codes 7-51-1401, 39-13-511 on its face and as applied or threatened to be applied, is an unconstitutionally as it does not serve a significant government interest.

49. Defendant's TN Codes 7-51-1401, 39-13-511 on its face and as applied or threatened to be applied,

is an unconstitutionally because it does not leave open ample alternative channels of communication.

50. Defendant's TN Codes 7-51-1401, 39-13-511 on its face and as applied or threatened to be applied, are unconstitutional because they are neither narrowly tailored nor the least restrictive means to accomplish any permissable purpose sought to be served by the legislation.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages, punitive damages, attorneys' fees, costs, declaratory judgment of the ordinance's facial unconstitutionality and such other and additional relief that this Court deems equitable and just.

## COUNT IV

### 42 U.S.C. 1983 – Overbreadth

51. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

52. Defendant's TN Codes 7-51-1401, 39-13-511 is an unconstitutional abridgment on its face, and as applied or threatened to be applied, of the Plaintiff's affirmative rights to freedom of expression under the United States Constitution, First and Fourteenth Amendments.

53. Defendant's TN Codes 7-51-1401, 39-13-511 on its face and as applied or threatened to be applied, is an unconstitutionally overbroad restriction on expressive activity.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages, punitive damages, attorneys' fees, costs, declaratory judgment of the ordinance's facial unconstitutionality and such other and additional relief that this Court deems equitable and just.

## COUNT V

### 42 U.S.C. 1983 – Unbridled Restraint/Prompt Judicial Review

54. Plaintiff re-alleges and incorporates all of the allegations in the preceding paragraphs.

55. Defendant's TN Codes 7-51-1401, 39-13-511 is an unconstitutional abridgment on its face, and as applied or threatened to be applied, of the Plaintiff's affirmative rights to freedom of expression under the United States Constitution, First and Fourteenth Amendments.

56. Defendant's TN Codes 7-51-1401, 39-13-511 on its face and as applied or threatened to be applied, is an unconstitutionally unbridled restraint that does not provide for prompt judicial review and is an overbroad restriction on expressive activity.

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages, punitive damages, attorneys' fees, costs, declaratory judgment of the ordinance's facial unconstitutionality and such other and additional relief that this Court deems equitable and just.

## REQUESTED RELIEF

WHEREFORE, Plaintiffs respectfully pray that this Court:

(1) Enter a judgment declaring that the Defendant's TN Codes 7-51-1401, 39-13-511 violates the rulemaking procedures under the Tennessee Uniform Administrative Procedures Act, and is thus void and of no effect;

(2) Enter a judgment declaring that the Defendant's TN Codes 7-51-1401, 39-13-511 violates Mark White, Sr's rights to privacy, free speech, equal protection, and procedural due process under the United States and Tennessee Constitutions;

(3) Reverse the decision of Defendants to enforce the Defendant's TN Codes 7-51-1401, 39-13-511, and remand to Defendants for further proceedings aligned with this Court's decision;

(4) Issue preliminary and permanent injunctions enjoining Defendants, their employees, agents and successors in office from enforcing the Memphis Code and Defendant's TN Codes 7-51-1401, 39-13-511 and deemed to be unconstitutional against Plaintiff.

(5) Award Plaintiff his costs and expenses, including reasonable attorney's fees pursuant to Tenn. Code Ann. §§ 29-14-110 and -111; and

(6) Grant such other relief as the Court deems just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully Submitted,

Mark White, Sr.
dba Tokyo Nights

By: *[signature]*

Mark White, Sr.
3205 Marlborough Ave
Nashville, TN 37212
615-579-0141
coastal1stop@gmail.com